FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| ADAM F., | ) | No. 1:18-CV-3078-LRS |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| vs. | ) | **SUMMARY JUDGMENT,** |
| | ) | *INTER ALIA* |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 14) and the Defendant's Motion For Summary Judgment (ECF No. 16).

**JURISDICTION**

Adam F., Plaintiff, applied for Title XVI Supplemental Security Income benefits (SSI) on September 26, 2014. The application was denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on January 30, 2017 before Administrative Law Judge (ALJ) Tom L. Morris. Plaintiff testified at the hearing, as did Vocational Expert (VE) Kimberly Mullinax. On March 24, 2017, the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject to judicial review. The Commissioner's final decision is

1  appealing to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

2

3                           **STATEMENT OF FACTS**

4        The facts have been presented in the administrative transcript, the ALJ's

5  decision, the Plaintiff's and Defendant's briefs, and will only be summarized here.  At

6  the time of the administrative hearing, Plaintiff was 51 years old.  He does not have

7  any past relevant work experience.

8        Plaintiff was previously awarded disability benefits pursuant to an ALJ

9  decision dated July 6, 2011, but these benefits were terminated on May 6, 2014 on the

10  basis of medical improvement.

11

12                           **STANDARD OF REVIEW**

13       "The [Commissioner's] determination that a claimant is not disabled will be

14  upheld if the findings of fact are supported by substantial evidence...." *Delgado v.*

15  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983).  Substantial evidence is more than a mere

16  scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less

17  than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

18  *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.

19  1988).  "It means such relevant evidence as a reasonable mind might accept as

20  adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91

21  S.Ct. 1420 (1971).  "[S]uch inferences and conclusions as the [Commissioner] may

22  reasonably draw from the evidence" will also be upheld.  *Beane v. Richardson*, 457

23  F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

24  On review, the court considers the record as a whole, not just the evidence supporting

25  the decision of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

26

27  **ORDER GRANTING PLAINTIFF'S**
   **MOTION FOR SUMMARY JUDGMENT- 2**

28

1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues: 1) the Appeals Council erred when it failed to consider new and material evidence; 2) the ALJ erred in failing to consider Plaintiff's left upper extremity impairment; 3) the ALJ erred in his evaluation of medical opinion evidence; and 4) the ALJ failed to offer specific, clear and convincing reasons for discounting Plaintiff's testimony regarding his pain and limitations.

## DISCUSSION

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering his age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id.*

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if he is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. § 416.920(a)(4)(i). If he is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether he is able to perform other work in the national economy in view of his age, education and work experience. 20 C.F.R. § 416.920(a)(4)(v).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 4**

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has "severe" medical impairments, those being bilateral knee osteoarthritis, degenerative disk disease of the spine, and closed dislocation of the right acromioclavicular joint; 2) Plaintiff's impairments do not meet or equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(a),with the ability to lift and/or carry 20 pounds occasionally, and 10 pounds frequently; stand and/or walk with normal breaks for a total of about five hours in an eight hour workday; occasionally climb ladders, ropes and scaffolds; frequently reach with the right upper extremity, including overhead; crouch, kneel and crawl; occasionally climb ramps, stairs, ladders, ropes and scaffolds; avoid concentrated exposure to hazards such as unprotected heights; no vibration; and may be off task about 10% over the course of an eight hour workday; and 4) considering Plaintiff's age, education, work experience and RFC, there are jobs existing in significant numbers in the national economy, identified by the VE, which the Plaintiff is capable of performing, including: cashier II, storage facility

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 5**

rental clerk, and furniture rental consultant. Accordingly, the ALJ concluded the Plaintiff is not disabled.

**APPEALS COUNCIL REVIEW**

In its denial of review, the Appeals Council acknowledged Plaintiff's submission of "records from Sunnyside Community Hospital dated December 7, 2016 through December 30, 2016 (13 pages)." The Appeals Council found this evidence "not material because it is not relevant to [Plaintiff's] claim for disability" and therefore, "did not consider and exhibit this evidence." The Appeals Council noted that Plaintiff also submitted nine pages of records from Sunnyside Community Hospital dated May 8, 2017, but because the ALJ decided the case through March 24, 2017, the Appeals Council determined the evidence did not relate to the period at issue and did not affect the decision whether Plaintiff was disabled on or before March 24, 2017. (AR at p. 2). Plaintiff contends all of this additional evidence relates to the period on or before the date of the ALJ's decision and therefore, should have been considered by the Appeals Council.[1] Pursuant to the Ninth Circuit's decision in *Taylor v. Commissioner of Soc. Sec. Admin.*, 659 F.3d 1228 (9th Cir. 2011), Plaintiff contends a remand to the ALJ for consideration of this evidence is warranted.

---

[1] "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 6**

When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner. *Taylor*, 659 F.3d at 1231. In *Taylor*, the plaintiff submitted to the Appeals Council in his request for review a certain psychiatric evaluation. As it turned out, the evaluation got lost "[s]omewhere in the shuffle" and therefore, the Appeals Council never considered the evaluation at all when it denied the request for review. *Id*. at 1233. The Ninth Circuit concluded the evaluation should have been considered by the Appeals Council because it related to the period on or before the date of the ALJ's hearing decision. *Id*. Accordingly, remand to the ALJ was appropriate so the ALJ could reconsider his/her decision in light of the additional evidence. *Id*. The Ninth Circuit observed that Taylor was not asking for reversal of the Appeals Council's denial of the request for review, noting that such a request would be barred by *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996), which does not require the Appeals Council to offer a detailed rationale when faced with new evidence. *Taylor*, 659 F.3d at 1231-32.

*Taylor* involved a unique situation which does not exist in the instant case and therefore, a remand is not warranted based on the reasoning offered in *Taylor*. The new evidence presented by Plaintiff's counsel was examined by the Appeals Council and made part of the administrative record, although it is noted the evidence dating from December 7, 2016 through December 30, 2016 is labeled "Medical Evidence of Record (MER)" (AR at pp. 40-52), whereas the evidence dated May 8, 2017 is labeled "Attorney/Representative-Supplied Evidence" (REPEVID)" (AR at pp. 13-21). The significance of this distinction is not readily apparent as all of this evidence

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 7**

is part of the administrative record.[2]  This court would be entitled to review the additional evidence to determine whether, in light of the record as a whole, the ALJ's decision is supported by substantial evidence and free of legal error.  *Taylor*, 659 F.3d at 1232, citing *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).  The court's review would be of the ALJ's final decision, not the Appeals Council's decision to deny review.  *See Warner v. Astrue*, 859 F.Supp.2d 1107, 1115 (C.D. Cal. 2012).

While a remand pursuant to *Taylor* is not warranted, for reasons discussed below regarding Plaintiff's left upper extremity, the court is remanding this matter to the ALJ.  As part of that remand, the ALJ should consider the additional evidence which was submitted to the Appeals Council.

**LEFT UPPER EXTREMITY**

A "severe" impairment is one which significantly limits physical or mental ability to do basic work-related activities.  20 C.F.R. § 416.920(c).  It must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.  It must be

---

[2] It appears impossible to reconcile the Appeals Council's statement that it was not "considering and exhibiting" the evidence dating from December 7, 2016 through December 30, 2016 when that evidence is part of the administrative record and referred to as "Medical Evidence of Record."  It is noted that the Appeals Council made no such statement regarding the "Attorney/Representative-Supplied Evidence" dated May 8, 2017.

established by medical evidence consisting of signs, symptoms, and laboratory findings, not just the claimant's statement of symptoms. 20 C.F.R. § 416.908.

Step two is a *de minimis* inquiry designed to weed out non-meritorious claims at an early stage in the sequential evaluation process. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987) ("[S]tep two inquiry is a *de minimis* screening device to dispose of groundless claims"). "[O]nly those claimants with slight abnormalities that do not significantly limit any basic work activity can be denied benefits" at step two. *Bowen*, 482 U.S. at 158 (concurring opinion). "Basic work activities" are the abilities and aptitudes to do most jobs, including: 1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; 2) capacities for seeing, hearing, and speaking; 3) understanding, carrying out, and remembering simple instructions; 4) use of judgment; 5) responding appropriately to supervision, co-workers and usual work situations; and 6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b).

The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005), citing S.S.R. No. 85-28 (1985). An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." *Id*.

The ALJ found Plaintiff's alleged left shoulder impairment had not been "established as severe during the period at issue." (AR at p. 28). According to the ALJ:

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

Most references to medical evidence regarding this extremity are dated significantly prior to his application date of 2014, despite reference to his left arm complaints in disability forms discussed below. [Citation omitted]. Also, the claimant indicated that his left shoulder injury was sustained during an "incident with the police." [Citation omitted]. While no other details are known, the regulations prohibit any impairment that arises in connection with the commission of a felony. [20 C.F.R. §] 404.1506].

(AR at p. 28).

As the Plaintiff notes, in the July 6, 2011 decision finding him disabled, the ALJ there found Plaintiff's "severe" impairments included "left shoulder rotator cuff tear; left frozen shoulder; [and] rotator cuff tendinitis." (AR at p. 141). In her RFC determination, the ALJ found the Plaintiff could not lift above shoulder level with the left arm. (*Id.*).

20 C.F.R. § 404.1506(a) provides:

In determining whether you are under a disability, we will not consider any physical or mental impairment, or any increase in severity (aggravation) of a preexisting impairment, which arises in connection with your commission of a felony after October 19, 1980, if you are subsequently convicted of this crime. Your subsequent conviction will invalidate any prior determination establishing disability if that determination was based upon any impairment, or aggravation, which we must exclude under this rule.

This regulation precludes consideration of any physical or mental impairment, severe or non-severe, if it arose in connection with the commission of a felony. There is nothing in the record indicating that Plaintiff's "incident with the police" involved the commission of a felony. Moreover, this regulation applies to an application for Title II social security disability insurance (SSDI) benefits, whereas Plaintiff's application is for Title XVI supplemental security income (SSI) benefits. There is no SSI rule (a provision in Part 416) corollary to 20 C.F.R. § 404.1506(a). The ALJ's

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

reliance on § 404.1506(a) constitutes error.

Plaintiff asserts the ALJ failed to consider the complete record and evidence of ongoing left shoulder impairment and limitation during and after 2014. In response to a medical questionnaire submitted to him by Plaintiff's counsel, dated August 31, 2015,[3] PA-C Jason Redd included left shoulder rotator cuff tendinitis among the Plaintiff's diagnoses, indicating this was established "on exam." (AR at p. 459). Redd indicated Plaintiff would miss on average four or more days of work per month "due to pain per patient." (AR at p. 460). He declined, however, to opine about a specific exertional level, noting all of Plaintiff's medical problems were managed through an orthopedist whom Reed thought "more qualified to make recommendations." (AR at p. 461). A progress note from Redd, dated the same date as the questionnaire (August 31, 2015) stated Plaintiff had "bilateral shoulder pain" and "the left [shoulder] had rotator cuff tendinopathy according to the patient." (AR at p. 577).

Plaintiff was last seen by Redd in May 2016, for "right left shoulder pain with recurrent right shoulder dislocations." Redd noted Plaintiff had been seen for this a year ago and referred to orthopedics. (AR at p. 579). Physical examination revealed both the right and left shoulder to be "normal." (AR at p. 580). Reed completed another questionnaire submitted to by him by Plaintiff's counsel in which he indicated one of the diagnoses was left shoulder rotator cuff tendinitis. Plaintiff suggested he would miss four or more days of work per month due to "pain flares." (AR at p. 468). Redd again, however, declined to comment on Plaintiff's exertional

---

[3] The questionnaire, however, appears to have been completed in February 2015. (AR at p. 459).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 11**

capacity, indicating he would refer Plaintiff "back to ortho to determine disability status." (AR at p. 469).

In September 2016, the Plaintiff's care was transferred to Kristin L. Bond, M.D.. Plaintiff reported pain in his left shoulder. Dr. Bond noted that Plaintiff had been seen by an orthopedist in the past and had been referred again in May 2016, but had lost his insurance and so never went to revisit an orthopedist. (AR. at p. 581). Plaintiff reported that his shoulder accident happened nine years ago in an incident with police and that he had rotator cuff tendinitis since then. (AR at p. 581).

On September 28, 2016, Dr. Bond completed a Washington Department of Social & Health Services (DSHS) "Physical Functional Evaluation." She noted that left shoulder pain was one of Plaintiff's chief subjective complaints (AR at p. 491), and opined the rotator cuff injury to Plaintiff's left shoulder had a severity rating between mild (no significant interference with the ability to perform one or more basic work-related activities) and moderate (significant interference). (AR at p. 492). Dr. Bond opined Plaintiff was limited to "light" work (lift 20 pounds maximum and frequently lift or carry up to 10 pounds; walk or stand six out of eight hours per day; able to sit and use pushing or pulling arm or leg movements most of the day). (AR at p. 493).[4] She recommended an orthopedic referral and considered orthopedic

---

[4] In August 2014, PA-C Redd competed a DSHS "Physical Functional Evaluation" form in which he opined Plaintiff was limited to "sedentary" work, but left shoulder pain was not among the diagnoses considered by Redd. Recommended treatment included an orthopedic evaluation and Reed indicated he

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 12**

evaluation to be part of the recommended treatment for Plaintiff.  (AR at p. 493).  In a "Range Of Joint Motion Evaluation Chart" accompanying her DSHS evaluation, Dr. Bond indicated a normal range of motion for Plaintiff's right shoulder and a normal range of motion for his left shoulder, with the exception of abduction of the left shoulder which was at 110 degrees instead of 150 degrees.  (AR at p. 495).

In light of the foregoing, the ALJ's conclusion that Plaintiff did not have a severe medically determinable left shoulder impairment on or after September 26, 2014 (date of SSI application) is not "clearly established by medical evidence." There is, at a minimum, an ambiguity which requires development of the record to resolve. The ALJ has a basic duty to inform himself about facts relevant to his decision. *Heckler v. Campbell*, 461 U.S. 458, 471 n. 1, 103 S.Ct. 1952 (1983).  The ALJ's duty to develop the record exists even when the claimant is represented by counsel.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  The duty is triggered by ambiguous or inadequate evidence in the record and a specific finding of ambiguity or inadequacy by the ALJ is not necessary.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).  Here, the record is ambiguous or inadequate as to whether Plaintiff suffers from a medically determinable left shoulder impairment,  whether it is "severe," and if so, the extent to which it limits Plaintiff's ability to perform basic work-related activities.

Accordingly, the court will remand this matter to the Commissioner to order a consultative orthopedic examination pursuant to 20 C.F.R. §416.919 for the purpose of ascertaining whether Plaintiff suffers from a "severe" medically determinable left shoulder impairment and if so, the extent to which it limits his ability to engage in

_____

intended to make a referral for such.  (AR at pp. 358-60).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 13**

substantial gainful activity. There is no reason, however, why the examination should be limited to Plaintiff's left shoulder impairment and the court will direct that is also include Plaintiff's right shoulder, his knees, and his back. Neither PA-C Redd or Dr. Bond suggested that an orthopedic referral should be confined to Plaintiff's left shoulder.

**REMAND**

Social security cases are subject to the ordinary remand rule which is that when "the record before the agency does not support the agency action, . . . the agency has not considered all the relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1099 (9ᵗʰ Cir. 2014), quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598 (1985).

In "rare circumstances," the court may reverse and remand for an immediate award of benefits instead of for additional proceedings. *Id*., citing 42 U.S.C. §405(g). Three elements must be satisfied in order to justify such a remand. The first element is whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id*. at 1100, quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9ᵗʰ Cir. 2014). If the ALJ has so erred, the second element is whether there are "outstanding issues that must be resolved before a determination of disability can be made," and whether further administrative proceedings would be useful. *Id*. at 1101, quoting *Moisa v. Barnhart*, 367 F.3d 882, 887 (9ᵗʰ Cir. 2004). "Where there is conflicting evidence, and not all essential factual

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 14**

issues have been resolved, a remand for an award of benefits is inappropriate." *Id*. Finally, if it is concluded that no outstanding issues remain and further proceedings would not be useful, the court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of [the] proceedings." *Id.*, quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969). Where all three elements are satisfied-ALJ has failed to provide legally sufficient reasons for rejecting evidence, there are no outstanding issues that must be resolved, and there is no question the claimant is disabled- the court has discretion to depart from the ordinary remand rule and remand for an immediate award of benefits. *Id*. But even when those "rare circumstances" exist, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Id*. at 1102, quoting *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).

The ALJ failed to provide legally sufficient reasons for finding Plaintiff's left shoulder impairment to be non-severe. There are, however, "outstanding issues that must be resolved before a determination of disability can be made"- whether Plaintiff has a severe medically determinable left shoulder impairment- and further administrative proceedings would be useful in resolving that question. A review of the current record does not allow the court to conclude there is no question Plaintiff is disabled based on consideration of the other impairments found medically severe by the ALJ: bilateral knee osteoarthritis, degenerative disk disease of the spine, and closed dislocation of the right acromioclavicular joint. Therefore, a remand for further proceedings is warranted.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 15**

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 14) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 16) is **DENIED**. The Commissioner's decision is **REVERSED**.

Pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), this matter is **REMANDED** to the Commissioner for further proceedings. The Commissioner shall order a consultative orthopedic examination to include evaluation of Plaintiff's left and right shoulders, his knees and his back.[5] On remand, the ALJ will consider the additional evidence which was submitted to the Appeals Council. This additional evidence and the results of the orthopedic evaluation will be considered by the ALJ in a renewed assessment of the weight to be accorded to the opinions of PA-C Redd and Dr. Bond, and in a renewed assessment of the weight to be accorded to Plaintiff's testimony regarding the severity of his symptoms and the physical limitations claimed by him. An application for attorney fees may be filed by separate motion.

//
//
//
//
//
//

---

[5] It appears Plaintiff was last seen by an orthopedist in September 2013 (Valentin Antoci, M.D., Sunnyside Bone & Joint) for an evaluation of his right shoulder. (AR at pp. 364-66).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 16**

1     **IT IS SO ORDERED.** The District Executive shall enter judgment

2 accordingly, forward copies of the judgment and this order to counsel of record, and

3 **close the case**.

4     **DATED** this   10th   day of January, 2019.

5

6                              *s/Lonny R. Suko*

7                             LONNY R. SUKO
                       Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 **ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 17**

28